Donaciano Rodríguez Berdecía, demandante y recurrido, *v.* Secretario de Hacienda, demandado y recurrente.

*Número:* R-67-25      *Resuelto:* 27 de octubre de 1967

*J. B. Fernández Badillo, Procurador General, y Américo Serra, Procurador General Auxiliar,* abogados del recurrente; *Ángel Viera Martínez,* abogado del recurrido.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Senores Blanco Lugo, Rigau y Ramírez Bages.

El Juez Asociado Señor Pérez Pimentel emitió la opinión del Tribunal.

Donaciano Rodríguez Berdecía poseía dos licencias para el expendio al detalle de bebidas alcohólicas en el "Castle Club" ubicado en la Avenida Fernández Juncos de Santurce. Luego de celebrarse una vista administrativa, el Secretario de Hacienda dictó una resolución en 4 de marzo de 1965 revocando las licencias de traficante al detall en bebidas alcohólicas expedidas a Rodríguez Berdecía para el negocio "Castle Club" por considerarlo un estorbo público. En dicha resolución se le concedió a Rodríguez Berdecía un término de 10 días para que liquidara las existencias de bebidas alcohólicas que se encontraban en el referido negocio y además se le ordenó hacer entrega al Colector de Rentas Internas de Santurce, de los certificados de las licencias revocadas.

En 11 de marzo de 1965 Rodríguez inició ante el Tribunal Superior, Sala de San Juan, un recurso de *certiorari* para revisar la susodicha resolución del Secretario de Hacienda, revocándole las licencias. Estando pendiente este recurso, Rodríguez fue sorprendido por agentes de rentas internas, los días 19 y 24 de marzo de 1965 mientras se dedicaba a la venta de bebidas alcohólicas. Se le confiscaron todas las

bebidas alcohólicas que tenía en su posesión y se radicaron ante el Tribunal Superior, Sala de San Juan, dos acusaciones por infracción al Art. 82 de la Ley de Espíritus y Bebidas Alcohólicas (tener para la venta bebidas alcohólicas sin estar provisto de licencia para ello).

Después de celebrarse un juicio en los méritos el Tribunal Superior dictó sentencias en 7 de junio de 1965 absolviendo al acusado en ambas causas.

En 11 de junio del mismo año y por conducto de su abogado, Rodríguez solicitó por escrito del Jefe del Negociado de Bebidas ordenara se le devolvieran las bebidas alcohólicas embargadas.

En 20 de agosto de 1965 le fue contestada la carta por el Jefe del Negociado de Impuestos sobre Bebidas Alcohólicas denegando su solicitud e informándole: "Esa bebida será vendida, en pública subasta atendiéndonos a lo dispuesto en el Artículo Núm. 97, de la vigente Ley de Impuestos sobre Bebidas Alcohólicas, y oportunamente notificaremos al señor Rodríguez Berdecía con respecto a otros particulares de la proyectada subasta."

Entonces el señor Rodríguez por conducto de su abogado se dirigió al Secretario de Hacienda por carta fechada 26 de agosto de 1965 reiterando su solicitud de devolución de la bebida confiscada y en caso de tener un criterio opuesto, ordenara se suspendiera la subasta hasta que Rodríguez pudiera recurrir ante los tribunales.

En 11 de octubre de 1965 contestó la carta el Secretario de Hacienda ratificando la posición del Negociado de Bebidas pero informándole que había dado instrucciones a dicho Negociado para que suspendiera la subasta por un período de 30 días.

El mismo día 11 de octubre de 1965 el Tribunal Superior, Sala de San Juan, dictó sentencia en el recurso de *certiorari* dejando sin efecto la Resolución del Secretario de Hacienda de 4 de marzo de 1965 en virtud de la cual se habían can-

celado las licencias al Sr. Rodríguez, y ordenó la celebración de una nueva vista administrativa. (1)

En noviembre 2 de 1965 Rodríguez instó ante el Tribunal Superior, Sala de San Juan, un recurso de *mandamus* contra el Secretario de Hacienda, solicitando se ordenara a dicho funcionario devolverle las bebidas alcohólicas confiscadas. El Secretario de Hacienda solicitó la desestimación del recurso alegando falta de jurisdicción del tribunal toda vez que el remedio del demandante era el de apelación contra la orden de venta de la propiedad confiscada. Dicha moción fue declarada sin lugar. Para revisar esa resolución, el Secretario de Hacienda recurrió ante nosotros mediante un recurso de *certiorari*. Este Tribunal proveyó "no ha lugar en esta etapa de los procedimientos."

Una vez contestada la demanda de *mandamus*, el demandante solicitó se dictara sentencia sumaria a su favor. A ello se opuso el Secretario de Hacienda, quien a su vez solicitó se dictara a su favor la sentencia sumaria.

En 29 de diciembre de 1966 el Tribunal Superior dictó sentencia sumaria a favor del demandante y ordenó al Secretario de Hacienda devolviera al demandante Rodríguez Berdecía las bebidas alcohólicas confiscadas.

Para revisar esa sentencia libramos el presente auto.

El Secretario de Hacienda revocó la licencia a Rodríguez Berdecía en virtud de la autoridad que le concede la Ley de Espíritus y Bebidas Alcohólicas en su Art. 56 (13 L.P.R.A. sec. 1711). Contra la acción del Secretario de Hacienda al revocar una licencia, la persona perjudicada puede instituir el remedio de *certiorari* en la Sala del Tribunal Superior en que resida, dentro de los 10 días de notificársele la decisión del Secretario. Así lo hizo Rodríguez Berdecía. Mientras es-

---

(1) Surge de los autos que esta nueva vista administrativa no se ha celebrado. Suponemos que ello se ha debido a que la licencia cancelada expiró, pues el Art. 7 de la Ley de Espíritus y Bebidas Alcohólicas (13 L.P.R.A. sec. 1534), dispone que las licencias expedidas por el Secretario de Hacienda expirarán el 30 de junio de cada año.

taba pendiente este recurso fue que se iniciaron contra Rodríguez Berdecía los dos procesos criminales a que antes hemos hecho referencia y en virtud de la facultad que le concede el Art. 65 de la Ley (13 L.P.R.A. sec. 1742), el Secretario de Hacienda confiscó las bebidas alcohólicas que motivan este recurso y anunció su intención de venderlas en pública subasta, si el contribuyente no las liquidaba dentro del plazo que a esos fines le concedió. (2)

"Siempre que el Secretario de Hacienda" dispone el Art. 97 de la Ley, "esté facultado por este Subtítulo para vender artículos o productos confiscados por él o por sus agentes, y que no sean vehículos, bestias o embarcaciones marítimas o aéreas, la persona natural o jurídica agraviada podrá apelar ante la correspondiente sala del Tribunal Superior y dicho Tribunal tendrá jurisdicción después de ser oídas las partes interesadas, para confirmar, revocar o modificar la decisión del Secretario de Hacienda. Dicha apelación deberá radicarse dentro de los 10 días siguientes a la fecha de la notificación a la persona interesada. . . ."

Rodríguez Berdecía no interpuso recurso alguno de apelación. Aunque por la forma y contenido de las notificaciones, no resulta claro si su término para apelar había o no vencido, es innecesario, sin embargo, que consideremos la cuestión, así como tampoco es necesario resolver si la absolución de Rodríguez Berdecía, de los delitos imputádoles que fueron los que dieron autoridad al Secretario de Hacienda para confiscar las bebidas, producían la inefectividad e invalidez de la confiscación. Lo cierto es que la resolución del

---

(2) El referido Art. 65 dispone en lo pertinente:
"Toda persona que emprenda o continúe dedicándose a una industria, negocio u ocupación sujeto a licencia o permiso . . . sin obtener o renovar la licencia correspondiente, o sin pagar los derechos o plazos de éstos, . . . o cuya licencia haya sido revocada, será culpable de delito menos grave, y su planta, . . . productos tributables . . . podrá ser confiscada por el Secretario de Hacienda o sus agentes y vendida por aquél en pública subasta para indemnizar al Estado Libre Asociado de Puerto Rico."

Secretario de Hacienda revocando las licencias de Rodríguez Berdecía, fue lo que le sirvió de base para imputar a éste dos infracciones a la ley y a la consiguiente confiscación de las bebidas alcohólicas. Sin embargo, el día 11 de octubre de 1965, fecha en que el Secretario de Hacienda notificó a Rodríguez Berdecía que había dado órdenes para que se suspendiera la subasta por 30 días, el Tribunal Superior revocó y dejó sin efecto la decisión del Secretario cancelando las licencias a Rodríguez Berdecía y ordenó la celebración de una nueva vista administrativa, la que como hemos dicho antes nunca se celebró. Quedando pues en vigor hasta su expiración las licencias que pretendieron cancelarse, caía por su base la confiscación de las bebidas alcohólicas y ante la negativa del Secretario de Hacienda a devolverlas, procedía, como correctamente resolvió el tribunal sentenciador, la expedición del auto de *mandamus*.

*En su consecuencia la sentencia del Tribunal Superior de 29 de diciembre de 1966, será confirmada.*